# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

## NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:         September 30, 2021

LOCATION OF HEARING SESSION:   Thomas F. Eagleton U.S. Courthouse
En Banc Courtroom, 28th Floor
111 South 10th Street
St. Louis, Missouri 63102

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel continues to monitor the ongoing COVID-19 pandemic. **At present, the Panel intends to hear oral argument <u>in person, but reserves the option to hear oral argument by videoconference or teleconference should circumstances warrant</u>.** Allocations of argument time will be made before the Hearing (using procedures employed at recent Panel hearings conducted by videoconference) such that counsel will be informed in advance of the hearing whether they are allocated time to argue. Allocations will not be made or changed at the Hearing. Further details regarding how the Hearing Session will be

    conducted—shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument.

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **September 7, 2021.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

                                                      FOR THE PANEL:

                                                      John W. Nichols
                                                      Clerk of the Panel

cc: Clerk, United States Court of Appeals for the Eight Circuit

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on September 30, 2021, the Panel will convene a hearing session in St. Louis, Missouri, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c). **Oral argument will be heard in person unless the Panel determines that circumstances caused by the COVID-19 pandemic warrant hearing argument by videoconference or teleconference.** Should the Panel determine that oral argument is to be conducted by videoconference or teleconference, the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this decision to counsel for all parties involved in the matters listed on the attached Schedule.

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Catherine D. Perry   Nathaniel M. Gorton
Matthew F. Kennelly  David C. Norton
Roger T. Benitez     Dale A. Kimball

SCHEDULE OF MATTERS FOR HEARING SESSION
September 30, 2021 -- St. Louis, Missouri

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3013 − **IN RE: GEICO CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of defendants Government Employees Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, and GEICO General Insurance Company to transfer the following actions to the United States District Court for the Eastern District of New York or, in the alternative, the United States District Court for the District of Maryland:

Southern District of California

VENNERHOLM II, ET AL. v. GEICO CASUALTY COMPANY, ET AL.,
　C.A. No. 3:21−00806

District of Maryland

CONNELLY, ET AL. v. BERKSHIRE HATHAWAY, INC., ET AL.,
　C.A. No. 8:21−01152

Eastern District of New York

MIRVIS, ET AL. v. BERKSHIRE HATHAWAY, INC., ET AL., C.A. No. 1:21−02210
BRODY v. BERKSHIRE HATHAWAY, INC., ET AL., C.A. No. 1:21−02481
VISCARDI v. GOVERNMENT EMPLOYEES INSURANCE COMPANY, ET AL.,
　C.A. No. 2:21−02540

# MDL No. 3014 − IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION

Motion of plaintiff Thomas R. Starner to transfer the following actions to the United States District Court for the Eastern District of Pennsylvania:

District of Delaware

SHRACK v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−00989

Middle District of Florida

EMMINO v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 8:21−01609

Middle District of Georgia

HELLER v. KONINKELIJKE PHILIPS N.V. ET AL., C.A. No. 4:21−00111

District of Massachusetts

MANNA v. KONINKELIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−11017
SHELTON v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−11076
GRIFFIN v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 1:21−11077
OLDIGS v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 1:21−11078
SCHUCKIT v. PHILIPS NORTH AMERICA LLC, ET AL., C.A. No. 1:21−11088
BOUDREAU, ET AL. v. PHILIPS NORTH AMERICA LLC, ET AL.,
    C.A. No. 1:21−11095

Eastern District of Pennsylvania

STARNER v. KONINKLIJKE PHILIPS N.V., ET AL., C.A. No. 2:21−02925

MDL No. 3015 − **IN RE: JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Melissa Jimenez, et al., to transfer the following actions to the United States District Court for the District of New Jersey:

<u>Central District of California</u>

FRENCH, ET AL. v. JOHNSON & JOHNSON CONSUMER, INC., C.A. No. 2:21−05048

<u>Northern District of California</u>

RAFAL v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−05524
DOMINGUEZ, ET AL. v. JOHNSON & JOHNSON CONSUMER, INC.,
  C.A. No. 4:21−05419

<u>Southern District of Florida</u>

SEROTA, ET AL. v. JOHNSON & JOHNSON CONSUMER, INC., C.A. No. 0:21−61103

<u>District of New Jersey</u>

JIMENEZ, ET AL. v. JOHNSON & JOHNSON CONSUMER, INC., C.A. No. 3:21−13113
MCLAUGHLIN v. JOHNSON & JOHNSON CONSUMER, INC., ET AL.,
  C.A. No. 3:21−13710
BRIGLIO v. JOHNSON & JOHNSON CONSUMER, INC., C.A. No. 3:21−13972

<u>Southern District of New York</u>

LAVALLE v. NEUTROGENA CORPORATION, ET AL., C.A. No. 7:21−06091

MDL No. 3016 − **IN RE: RAHUL CHATURVEDI LITIGATION**

Motion of Rahul Chaturvedi to transfer the following actions to the United States District Court for the District of Massachusetts:

<u>District of Connecticut</u>

BLACK DIAMOND CONSULTING GROUP LLC v. MOOLEX LLC, ET AL.,
   C.A. No. 3:21−00722

<u>District of Massachusetts</u>

IN RE CHATURVEDI, ET AL., C.A. No. 1:21−10099
ASCEND CAPITAL LLC v. MOOLEX LLC, ET AL., C.A. No. 1:21−10972

# SECTION B
# MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2151 − **IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Paula Thibeaux, et al., to transfer of the following action to the United States District Court for the Central District of California:

<u>Western District of Louisiana</u>

THIBEAUX, ET AL. v. TOYOTA MOTOR CORP., ET AL., C.A. No. 6:21−01566

MDL No. 2244 − **IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff John B. Shattuck to transfer of the following action to the United States District Court for the Northern District of Texas:

<u>Western District of Washington</u>

SHATTUCK v. A1A, INC., ET AL., C.A. No. 2:21−00945

MDL No. 2323 − **IN RE: NATIONAL FOOTBALL LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION**

Opposition of plaintiff Collins & Truett Attorneys PA to transfer of the following action to the United States District Court for the Eastern District of Pennsylvania:

<u>Northern District of Florida</u>

COLLINS & TRUETT ATTORNEYS PA v. PETKAUSKAS, ET AL., C.A. No. 4:21−00286

MDL No. 2542 − **IN RE: KEURIG GREEN MOUNTAIN SINGLE−SERVE COFFEE ANTITRUST LITIGATION**

Motion of plaintiff JBR, Inc., for remand, pursuant to 28 U.S.C. § 1407(a), of the following action to the United States District Court for the Eastern District of California:

Southern District of New York

JBR, INC. v. KEURIG GREEN MOUNTAIN, INC., C.A. No. 1:14−04242
  (E.D. California, C.A. No. 2:14−00677)

MDL No. 2738 − **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Mema Nikoghosyan; Hilda Markarian; and Naomi Khan, et al., to transfer of their respective following actions to the United States District Court for the District of New Jersey:

Central District of California

NIKOGHOSYAN v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:21−05577
MARKARIAN v. JOHNSON AND JOHNSON, ET AL., C.A. No. 2:21−05650

District of Oregon

KHAN, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 3:21−01054

MDL No. 2741 − **IN RE: ROUNDUP PRODUCTS LIABILITY LITIGATION**

Motion of Brian Webb to transfer the following action to the United States District Court for the Northern District of California:

District of Delaware

GILMORE, ET AL. v. MONSANTO COMPANY, C.A. No. 1:20−01085

MDL No. 2804 − **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Opposition of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Ohio:

Eastern District of Wisconsin

CITY OF CUDAHY v. ACTAVIS PHARMA, INC., ET AL., C.A. No. 2:21−00742
THE CITY OF FRANKLIN v. ACTAVIS PHARMA, INC., ET AL., C.A. No. 2:21−00747
CITY OF GREENFIELD v. ACTAVIS PHARMA, INC., ET AL., C.A. No. 2:21−00751
CITY OF OAK CREEK v. ACTAVIS PHARMA, INC., ET AL., C.A. No. 2:21−00754
CITY OF WAUWATOSA v. ACTAVIS PHARMA, INC., ET AL., C.A. No. 2:21−00757
THE CITY OF WEST ALLIS v. ACTAVIS PHARMA, INC., ET AL.,
 C.A. No. 2:21−00759

MDL No. 2814 − **IN RE: FORD MOTOR CO. DPS6 POWERSHIFT TRANSMISSION PRODUCTS LIABILITY LITIGATION**

Motion of defendant Ford Motor Company to transfer the following action to the United States District Court for the Central District of California:

Eastern District of California

ARMSTRONG, ET AL. v. FORD MOTOR COMPANY, ET AL., C.A. No. 2:21−00018

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Motion of defendant 3M Company to transfer the following action to the United States District Court for the District of South Carolina:

Central District of California

CITY OF CORONA, ET AL. v. 3M COMPANY, ET AL., C.A. No. 5:21−01156

MDL No. 2885 − **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Florida:

District of Minnesota

FLANSBURG v. 3M COMPANY, ET AL., C.A. No. 0:21−01310
KAUFFMAN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01311
LESTENKOF, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01313
MCCLEAN−COYER, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01317
ALMQUIST, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01319
BOUCHARD, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01511
AHRENS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21−01546

MDL No. 2912 − **IN RE: PALBOCICLIB PATENT LITIGATION**

Opposition of defendants Synthon Pharmaceuticals, Inc.; Synthon B.V.; and Synthon International Holding B.V. to transfer of the following action to the United States District Court for the District of Delaware:

Middle District of North Carolina

PFIZER INC., ET AL. v. SYNTHON PHARMACEUTICALS, INC., ET AL., C.A. No. 1:21−00157

MDL No. 2924 − **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Motion of defendants Sanofi US Services Inc. and Sanofi-Aventis U.S. LLC to transfer the following action to the United States District Court for the Southern District of Florida:

Northern District of California

MCCLYMONDS v. SANOFI US SERVICES, INC., ET AL., C.A. No. 3:21−05287

MDL No. 2967 − **IN RE: CLEARVIEW AI, INC., CONSUMER PRIVACY LITIGATION**

Opposition of plaintiffs Steven Renderos, et al., to transfer of the following action to the United States District Court for the Northern District of Illinois:

Northern District of California

RENDEROS, ET AL. v. CLEARVIEW AI, INC., ET AL., C.A. No. 3:21−04572

MDL No. 2996 − **IN RE: MCKINSEY & COMPANY, INC., NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION**

Opposition of plaintiff The Cherokee Nation to transfer of the following action to the United States District Court for the Northern District of California:

Eastern District of Oklahoma

THE CHEROKEE NATION v. MCKINSEY AND COMPANY, INC.,
    C.A. No. 6:21−00200

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)    <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

    (b)    <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

        (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)    <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

        (i) the dispositive issue(s) have been authoritatively decided; or

        (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process. Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

    (d)    <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

        (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

        (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)    <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

    (f)    <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.