BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: Johnson & Johnson Aerosol Sunscreen Marketing Sales Practice and Products Liability Litigation | MDL No. 3015 |

## INTERESTED PARTY RESPONSE OF PLAINTIFF LAVALLE

Plaintiff Steven Lavalle, the named plaintiff in *Lavalle v. Neutrogena Corporation et al*, Case No. 7:21-cv-06091-VB (S.D.N.Y.), submits this interested party response to the Jimenez Plaintiffs' motion for transfer of actions to the District of New Jersey. Plaintiff Lavalle fully supports the Jimenez Plaintiffs' request for transfer and consolidation of the related actions, except Plaintiff LaValle also wants to clarify he agrees with the *Serota* and *Brennan* Plaintiffs that all cases relating to benzene in Defendants' sunscreen including both aerosol and non-aerosol products, should be transferred.

In addition, Plaintiff Lavalle respectfully submits that the related actions as well as any tag along actions be transferred to the Honorable Vincent L. Briccetti in the Southern District of New York. As detailed below, the factors the Panel considers when determining to transfer and consolidate related actions strongly support the Southern District of New York as the transferee forum. Alternatively, Plaintiff Lavelle supports transfer to the District of New Jersey and the cases being centralized before the Honorable Zahid N. Quraishi.

## ARGUMENT

The Panel considers a variety of factors when determining the proper venue for transfer and consolidation or coordination. The factors to be assessed include: (1) the location of the parties,

1

witnesses, and documents; (2) the accessibility and convenience of the proposed transferee district to parties and witnesses; (3) the familiarity and expertise of the transferee district with the underlying issues present in the litigation; (4) the respective caseloads of the proposed transferee district courts; and (5) the judge assigned to the case. *See, e.g., In re Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014) (selecting transferee forum because it is "both convenient and accessible for the parties and witnesses" and because the litigation would be before a "jurist well versed in the nuances of complex and multidistrict litigation.")

1. <u>Defendants, Witnesses, and Evidence Are Located In and Around the Southern District of New York.</u>

One important factor considered by the Panel is the nexus between 1) the evidence and witnesses relevant to the related actions and 2) the location of the MDL proceedings. *See, e.g., In re Municipal Derivatives Antitrust Litig.*, 560 F. Supp. 2d 1386, 1387 (J.P.M.L. 2008) (selecting the transferee forum because "relevant documents and witnesses are likely to be found there".). Plaintiff LaValle resides in the Southern District of New York as well as many other putative class members. Additionally, two of the other cases specifically mentioned in the MDL petition have New York Plaintiffs too. *See Johanna Dominguez, et al. v. Johnson & Johnson Consumer, Inc.*, Case No. 4:21-cv-05419-JST (N.D. Cal.); *see also Jimenez, et al. v. Johnson & Johnson Consumer, Inc.*, Case No. 3:21-cv-13113-FLW-TJB (D.N.J.). Finally, Johnson and Johnson Consumer Inc (J&J)[1], the main defendant in this case, has its headquarters in the nearby Skillman, New Jersey, which is within sixty miles of the Southern District of New York.

---

[1] As noted by the Jimenez Plaintiffs' while certain cases allege claims against a subsidiary of J&J (i.e., Neutrogena Corporation), all the cases involve the same J&J produced products. *See* MDL petition at pg. 1 n.9.

2. <u>The Southern District of New York Is the Most Suitable and Convenient Forum for the Related Actions.</u>

The Southern District of New York is a central and easily accessible location for all parties in the related actions, a factor the Panel has given weight to in choosing a transferee forum. *In re Initial Public Offering (IPO) Secs. Litig.,* 277 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003) (selecting the Southern District of New York as transferee district because it "is conveniently located for many parties and witnesses" in the litigation.) The Southern District of New York is serviced by three major airports and a multitude of rail, light rail, and rapid transit systems. New York also offers an abundance of hotels, taxis, and car rental agencies. These options make the Southern District of New York particularly accessible for all parties in the related actions, as well as their counsel, witnesses, and relevant non-parties.

3. <u>The Southern District of New York Has the Required Experience and Resources to Adjudicate the Related Actions, as well as Expertise in Consumer Class Actions.</u>

Another factor that the Panel considers is the experience of a potential transferee forum in managing multidistrict litigation. *See In re Sprint Premium Data Plan Mktg. & Sales Practices Litig.*, 777 F. Supp. 2d 1349, 1351 (J.P.M.L. 2011) (deciding to centralize in a district that had "a great deal of experience as the transferee court").The Southern District of New York undoubtedly is one of the most experienced dockets in the country, especially when it comes to complex litigation and specifically consumer class actions. The Southern District manages countless MDLs including current consumer cases. *See In re: Kind LLC (All Nat.) Litig.*, MDL 2645 (S.D.N.Y.); *see also In Re: General Motors LLC Ignition Switch Litigation*, MDL 2543 (S.D.N.Y.). Accordingly, the Southern District of New York has consistently demonstrated that it has the specialized, extensive, and proven experience to handle complex class action litigation.

4. The Southern District of New York is not Overburdened with Multidistrict Litigation

The MDL Panel also considers how well-suited the proposed transferee district is to manage the litigation at a steady and expeditious pace. *See In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (transferring to a forum that "is not currently overtaxed with other multidistrict dockets"). The Southern District of New York and its docket is positioned to handle this MDL in an expeditious manner. For example, the Southern District of New York in an experienced group of 43 district judges with only 17 MDLs on its docket, which compares quite favorably when compared to some of the other more overburdened districts around the country.[2]

5. The Honorable Vincent L. Briccetti is an experienced Jurist Who Will Effectively and Efficiently Manage this Litigation.

Judge Briccetti has admirably served on the federal bench since 2011 and has vast experience in consumer class actions. *See, e.g., In re Scotts EZ Seed Litig*., No. 12 CV 4727 (VB), (S.D.N.Y.); *see also Szymczak v. Nissan N. Am., Inc.*, No. 10 CV 7493 VB, (S.D.N.Y.); *see also Mayhew, Tanya, et al., v. KAS Direct, LLC and S.C. Johnson & Son, Inc.*, No. 16-cv-6981 (S.D.N.Y.). Judge Briccetti is also in a much better position with his docket to devote the appropriate resources to this litigation because he has no MDLs.[3]

Additionally, assigning the case to Judge Briccetti would also provide a competent jurist the opportunity to oversee an MDL proceeding, which is something the Panel actively looks to do. *See In re Zantac (Ranitidine) Prod. Liab. Litig.*, 437 F. Supp. 3d 1368, 1370 (U.S. Jud. Pan. Mult.

---

[2] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-13-2021.pdf; *see also* https://www.nysd.uscourts.gov/judges/district-judges.

[3] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-13-2021.pdf

Lit. 2020) (assigning an MDL to a well-qualified judge like Judge Briccetti who did not have previous MDL experience). A point of emphasis for the Panel has been involving more judges in the MDL process. *See* Amanda Bronstad, Rookie Judges Start to Wrangle MDL Dockets, NAT'L L. J. (Aug. 20, 2017) ("There has been an effort to reach out to newer judges, to bring them into the MDL process, so as to give a greater MDL experience to the judiciary as a whole."). Assigning Judge Briccetti to this litigation would promote these important objectives.

6. <u>Alternatively, Plaintiff Lavalle supports transfer and consolidation to the District of New Jersey.</u>

In the alternative, Plaintiff Lavalle supports the Jimenez Plaintiffs' request for transfer and consolidation to the District of New Jersey but suggests proceeding before the Honorable Zahid N. Quraishi. Judge Quraishi has two of the cases in the MDL petition already before him. *See Timothy McLaughlin, et al. v. Johnson & Johnson Consumer, Inc.; Johnson & Johnson; and Costco Wholesale Corporation,* Case No. 3:21-cv-13710 (D.N.J.); *see also Julianna Briglio, et al. v. Johnson & Johnson Consumer Inc.* Case No. 3:21-cv-13972 (D.N.J.). Judge Quraishi also has no MDLs currently pending on his docket.[4] Like Judge Briccetti, Judge Quraishi is also an extremely talented jurist who has not had a chance to preside over an MDL. He also has relevant experience in complex litigation. *See, e.g., Takata v. Riot Blockchain, Inc.*, Case No. 18- cv-2293 (D.N.J.). Accordingly, for the same reasons as mentioned above with respect to getting Judge Briccetti involved in the MDL process, Judge Quraishi should be given the same opportunity if the Panel consolidates in New Jersey.

---

[4] *See* https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-13-2021.pdf.

## **CONCLUSION**

For the reasons detailed herein, Plaintiff respectfully requests that the Panel transfer the actions for coordinated or consolidated pretrial proceedings in the United States District Court for the Southern District of New York. In the alternative, Plaintiff respectfully requests that the Panel transfer the actions to the District of New Jersey.


DATED: August 19, 2021                                  Respectfully Submitted,



By: */s/ Charles E. Schaffer*
Charles E. Schaffer (PA Bar No. 76259)
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Telephone: 215-592-1500
Facsimile:  215-592-4663
cschaffer@lfsblaw.com

*Counsel for Plaintiff Lavalle*