BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re Johnson & Johnson Aerosol Sunscreen Marketing, Sales Practices, and Products Liability Litigation | MDL Docket No. 3015 |

**INTERESTED PARTY RESPONSE OF PLAINTIFF MCLAUGHLIN IN SUPPORT OF TRANSFER OF RELATED ACTIONS TO THE DISTRICT OF NEW JERSEY AND IN THE ALTERNATIVE TO THE NORTHERN DISTRICT OF CALIFORNIA FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiff Timothy McLaughlin hereby submits this Interested Party Response in response to the Motion of Jimenez Plaintiffs for Transfer of Actions to the District of New Jersey Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (ECF No. 1). Plaintiff agrees that the proceedings should be coordinated or consolidated before Judge Zahid N. Quraishi, where Plaintiff McLaughlin's case is currently pending. In the alternative, Plaintiff McLaughlin supports transfer of the cases to the Northern District of California before Judge Jon Tigar or Judge James Donato.

**I.  Judge Quraishi and the District of New Jersey are Well Situated to Handle this Case**

At the outset, Plaintiff McLaughlin notes that there are more cases located in the District of New Jersey [1] than any other District Court. The District of New Jersey has many seasoned MDL

---

[1] As of the date of this filing, Plaintiff is aware of six actions currently pending in the District of New Jersey: *Jimenez v. Johnson & Johnson Consumer, Inc.*, 3:21-cv-13113 (D.N.J.), *McLaughlin v. Johnson & Johnson Consumer Inc.*, No. 3:21-cv-13710 (D.N.J.), *Briglio v. Johnson & Johnson Consumer, Inc.*, 3:21-cv-13972 (D.N.J), *Fernandez v. Johnson & Johnson Consumer Inc.*, No. 3:21-cv-14492 (D.N.J), *Bodine v. Johnson & Johnson Consumer Inc.*, No. 3:21-cv-14343 (D.N.J.), and *Baker v. Johnson & Johnson Consumer Inc.*, No. 3:21-cv-14421 (D.N.J).

judges. While there are eight MDL cases pending in the District, most are mature litigations.[2] Judge Quraishi has five sunscreen cases pending before him, including Plaintiff McLaughlin's case, which was the first case assigned to Judge Quraishi in the District of New Jersey. *See* Case No. 3:21-cv-13710-ZNQ-TJB (D.N.J.). Judge Quraishi has not yet been assigned a MDL and he is more than qualified to oversee this litigation given has vast array of former experience including particularly his work as a former litigation attorney and prosecutor. His experience as a magistrate judge prior to becoming a District Court Judge makes him well suited to efficiently handle the complex issues that will arise in this litigation. Moreover, he will have the benefit the experienced group of MDL judges and the examples of other efficiently managed MDLs in the District of New Jersey, similar to the issue that will arise in the coordination of this litigation.

**II.      In the alternative, Plaintiff Requests the Cases be Centralized or Consolidated in the Northern District of California**

While Plaintiff McLaughlin's case is currently pending before Judge Quraishi, to the extent the Panel determines that the District of New Jersey is not the appropriate venue for consolidation, Plaintiff McLaughlin agrees with the reasoning set forth by the Plaintiff Serota and Plaintiff Brennan and adopt and incorporate their arguments herein endorsing the Northern District of California as a logical and practical location for all parties.[3] *See* ECF No. 14.

The judges within the Northern District of California possess the experience and resources to manage the claims and issues likely to be raised by this case. Indeed, the Panel has previously selected transferee courts based upon the fact that the transferee court was "a major metropolitan court that (i) is not currently overtaxed with other multidistrict dockets, and (ii) possesses the

---

[2] https://www.njd.uscourts.gov/mdl-cases.
[3] Plaintiff also agrees with the Serota and Brennan plaintiffs that the scope of the MDL should capture all Johnson & Johnson sunscreen products, not just aerosol products.

necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1379-80 (J.P.M.L. 2001).

The Northern District of California is a convenient venue for the potentially significant discovery related Neutrogena's activities. *See, In re Dep't of Veterans Affairs (VA) Data Theft Litig.*, 461 F. Supp. 2d 1367, 1369 (J.P.M.L. 2006) (selecting the District of Columbia as the transferee district because, inter alia, "the theft [of data] occurred in the Washington, D.C., metropolitan area").[4]

With respect to the potential judges in the Northern District of California to oversee this sales and marketing class action MDL, Plaintiff submits that Judge Tigar, who initially[5] had one case assigned to him, is best situated to handle this case.

First, Judge Tigar has no MDL cases currently before him.[6] Additionally, Judge Tigar has the experience the steer the consolidated class action cases regarding the sales and marketing of the Neutrogena sunscreen products on a prudent course, having overseen a great many multi-state class action cases involving claims of unfair and deceptive trade practices and breach of warranty. *See, e.g., Edenborough v. ADT, LLC,* No. 16-CV-02233-JST, 2018 WL 1036998, at *1 (N.D. Cal. Feb. 5, 2018), *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Pracs., & Prod. Liab. Litig.*, 295

---

[4] Johnson & Johnson has developed, manufactured, and marketed their Neutrogena family of products from California *See* https://www.ropella.com/case_studies/Ropella_Cosmeceuticals_RandD_Asso_Dir_Process_Dev_Neutrogena_Case_Study.pdf (advertising for an Associate Director to "lead a group...responsible for process development, scale up and tech transfer of topical OTC drug products and cosmetics marketing by the Neutrogena Corporation, a member of the Johnson and Johnson Family of Companies located in….California").

[5] Due to administrative activity by the clerk's office, this case was consolidated with the other pending cases in the Northern District and re-assigned to Judge Donato.

[6] https://cand.uscourts.gov/judges/tigar-jon-s-jst/.

F. Supp. 3d 927 (N.D. Cal. 2018), *Tabak v. Apple, Inc.*, No. 19-CV-02455-JST, 2020 WL 9066153, at *1 (N.D. Cal. Jan. 30, 2020). Plaintiff would also agree that Judge Donato is also well qualified to oversee the coordinated cases.[7]

### III. CONCLUSION

For all of the above reasons, Plaintiff respectfully requests that the Panel coordinate or consolidate all Johnson & Johnson sunscreen cases in the District of New Jersey before Judge Quraishi or in the alternative in the Northern District of California before Judge Tigar or Judge Donato.

Dated: August 19, 2021                                                   Respectfully Submitted,

| /s/ *Marlene J. Goldenberg* | */s/ Conlee S. Whiteley* |
|---|---|
| Marlene J. Goldenberg | Conlee S. Whiteley |
| Noah C. Lauricella | David J. Stanoch |
| Goldenberg Law, PLLC | Layne C. Hilton |
| 800 LaSalle Avenue, Ste. 2150 | KANNER & WHITELEY, LLC |
| Minneapolis, MN 55402 | 701 Camp Street |
| (612) 436-5028 | New Orleans, LA 70130 |
| mjgoldenberg@goldenberglaw.com | (504)-524-5777 |
| nlauricella@goldenberglaw.com | c.whiteley@kanner-law.com |
| | d.stanoch@kanner-law.com |
| | l.hilton@kanner-law.com |

---

[7] Plaintiff is cognizant of the fact that Judge Donato is overseeing both the Google Play MDL as well as the Robinhood MDL. Because of this MDL caseload, Plaintiff consequently believes Judge Tigar may ultimately have more time to devote to the complex issues in this case.