BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: JOHNSON & JOHNSON AEROSOL SUNSCREEN MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 3015 |

**REPLY BRIEF IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION UNDER 28 U.S.C. § 1407**

**I.  INTRODUCTION**

The District of New Jersey is the most appropriate transferee court. The proposed transfer and consolidation in New Jersey will be most convenient for the parties and witnesses and will promote a just and efficient conduct of these Actions.

Defendants Johnson & Johnson Consumer Inc. and Johnson & Johnson ("J&J or Defendants") manufacture, sell, market, and distribute several over-the-counter Sunscreen products under its brand name "Neutrogena." In 2020, Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, ran tests on a variety of J&J's Sunscreen products using a sophisticated gas chromatography flame ionization test modified to follow FDA guidance for impurities detection. Specifically, Valisure tested numerous lots of J&J's spray and lotion Sunscreen products and discovered that certain of the Sunscreen products contained excessive levels of benzene, a known human carcinogen that has been linked to leukemia and other cancers. Notably, benzene is *not* listed as an active or inactive ingredient on any of the labels of the Products. Valisure filed a citizen petition with the Food and Drug Administration requesting the FDA require a recall due to violations of the Federal Drug and Cosmetics Act.

To date, 12 class actions have been filed against Defendants. *All* of the litigants in this MDL agree that transfer is proper because the actions arise out of the same conduct and allege

similar claims. All of the actions similarly allege that Defendants produced, marketed, and sold adulterated and misbranded sunscreen containing benzene but failed to disclose this fact to consumers. Accordingly, all of the actions "involve one or more common questions of fact," thus making transfer and consolidation appropriate under 28 U.S.C. § 1407.

## II. RESPONSES TO MOTION TO TRANSFER

The primary issue before the Panel is which of the prospective courts is the most appropriate transferee forum. Most of the parties support transfer to New Jersey either as their primary choice or as an alternative. Julianna Briglio (ECF No. 43), and Robert Alexander Bodine, Halle Ellingson, Kurt Hall, Bennett Johnson, Kyle Melquist, Samantha Stolzenbach, Sharon Trainor, and Stacey Vaidis (ECF No. 44) fully support Movants' motion to transfer to the District of New Jersey. Timothy McLaughlin (ECF No. 40) supports transfer and consolidation to the District of New Jersey or, alternatively, the Northern District of California. Notably, Defendants' first choice of venues is also the District of New Jersey (ECF No. 41). Steven Lavalle (ECF No. 39) supports transfer and consolidation to the Southern District of New York, or, in the alternative, the District of New Jersey. Shelli French and Nicole Sander (ECF No. 37) support transfer and consolidation to the Northern District of California, the Southern District of New York, or the District of New Jersey.

A minority of Plaintiffs support transfer to federal courts in California or Florida. Johanna Dominguez and Sharron Meijer (ECF No. 45) support transfer and consolidation to Northern District of California or, in the alternative, the Central District of California. George B. Rafal (ECF No. 46-47) supports centralization of all cases to Northern District of California, and

the Brennan Plaintiffs (ECF No. 36) support transfer and consolidation to Northern District of California or, in the alternative, the Southern District of Florida.

III. **ARGUMENT**

For the reasons set forth in Plaintiffs' opening papers and below, the District of New Jersey is the most appropriate transferee court. As J&J's headquarters are located in New Jersey, the District of New Jersey is conveniently located for the parties, documents, and witnesses, making it the most appropriate venue in which to centralize the Actions. *See In re Fairlife Milk Prods. Mktg. & Sales Practices Litig*, 396 F. Supp. 3d 1370, 1371 (J.P.M.L 2019) (a district "has a strong connection" to a matter when the defendant is headquartered there, and when the defendant's marketing decisions "likely were conceived and executed there"). Several airports are easily accessible making it convenient for the parties to attend court conferences and to take depositions of J&J employees and third parties.

While Movants in their opening papers suggested consolidating the cases in New Jersey before Judge Wolfson, other parties have suggested the cases be transferred to the Honorable Zahid N. Quraishi. Recently confirmed by the Senate, Judge Quraishi made history by being the first Muslim ever appointed to the federal judiciary. Judge Quraishi has five of the six cases pending in the District of New Jersey that are part of this MDL. Unlike Judge Wolfson, Judge Quraishi also has no MDLs currently pending on his docket. Judge Quraishi is an extremely talented jurist who would certainly excel in presiding over this MDL. As a Magistrate Judge, he showed skill managing complex litigation. *See, e.g., Takata v. Riot Blockchain, Inc.,* Case No.

18- cv-2293 (D.N.J.). Accordingly, Movants agree with Defendants and others that Judge Quraishi would be an excellent choice given Judge Wolfson's current caseload.

Dated: August 26, 2021

Respectfully Submitted,

/s/ *Jonathan Shub*

Jonathan Shub
Kevin Laukaitis
**SHUB LAW FIRM LLC**
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Fax: (856) 210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

Gary M. Klinger
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Ste. 2100
Chicago, Illinois 60606
Phone: 202.640.1160
Fax: 202.429.2294
gklinger@masonllp.com

Gary E. Mason
David K. Lietz
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Ave. NW Ste. 305
Washington DC 20016
Phone: 202.640.1160
Fax: 202.429.2294
gmason@masonllp.com
dlietz@masonllp.com

*Attorneys for Movant-Plaintiffs Melissa Jimenez and Catalina Ocampo*